UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELINA RAZAVI,<br>          Plaintiff,<br>    v.<br>SAN JOSE POLICE, et al.,<br>          Defendants. | Case No.17-cv-02088-SVK<br><br>**ORDER FOR REASSIGNMENT TO A DISTRICT JUDGE**<br><br>**REPORT AND RECOMMENDATION TO DISMISS COMPLAINT UNDER 28 U.S.C. § 1915 WITH LEAVE TO AMEND AND TO CONDITIONALLY GRANT APPLICATION TO PROCEED IN FORMA PAUPERIS**<br><br>**RE: DKT. NOS. 1, 2** |

On April 13, 2017, pro se plaintiff Melina Razavi filed a letter and an application for leave to file in forma pauperis. Dkt. Nos. 1, 2. Ms. Razavi subsequently declined to have the assigned magistrate judge conduct all further proceedings in this case. Dkt. No. 5. This Court therefore ORDERS the Clerk of the Court to reassign this case to a District Judge.

For the reasons stated below, the undersigned RECOMMENDS that the District Judge DISMISS Ms. Razavi's complaint with leave to amend because the complaint, drafted as a letter, does not comply with the form requirements of the Federal Rules of Civil Procedure and does not establish federal subject matter jurisdiction. If Ms. Razavi files an amended complaint that corrects the defects identified in this Order, this Court further RECOMMENDS that the District Judge GRANT Ms. Razavi's application to proceed in forma pauperis.

**I.     SCREENING UNDER 28 U.S.C. § 1915(e)(2)**

This Court has conducted an initial review of Ms. Razavi's letter (Dkt. No. 1), which this Court has construed as a civil complaint. District courts screen civil actions filed in forma pauperis to ensure that the complaint is not frivolous, states a claim, and does not seek monetary

relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1990).

The Federal Rules of Civil Procedure contain a number of requirements for the form and substance of a civil complaint. For example, the complaint must contain a short and plain statement of the grounds for the court's jurisdiction, a short and plain statement of the claim showing that the plaintiff is entitled to relief, and a demand for the relief sought. Fed. R. Civ. Proc. 8(a). The complaint also must have a caption that identifies the parties and must set forth the plaintiff's claims in separate, numbered paragraphs. Fed. R. Civ. Proc. 10(a), (b).

Ms. Razavi's letter complaint does not comply with the form requirements of Rules 8 or 10. Specifically, the letter complaint lacks a caption; does not specifically identify all parties; does not include separate numbered paragraphs; does not contain a short and plain statement of the grounds for federal jurisdiction; does not contain a short and plain statement of plaintiff's claim; and does not contain a demand for the relief sought.

The letter complaint also fails to establish that the Court possesses subject matter jurisdiction over this dispute. Federal courts are courts of limited jurisdiction, and as the party seeking to invoke federal court jurisdiction, Ms. Razavi has the burden of establishing that federal subject matter jurisdiction exists. *Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986).

Potential sources of subject matter jurisdiction in this case are federal question jurisdiction and diversity jurisdiction. Federal question jurisdiction exists over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case "arises under" federal law if a "well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Empire Healthcare Assur., Inc. v. McVeigh*, 547 U.S. 677, 689-90 (2006) (citations omitted).

Diversity jurisdiction exists where all plaintiffs are of different citizenship than all defendants and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332.

Applying these standards to this case, the undersigned finds that Ms. Razavi has failed to

carry her burden of establishing that this Court has subject matter jurisdiction over this case. Ms. Razavi has failed to establish that federal question jurisdiction exists because, although the letter complaint mentions several federal statutes and issues, the Court is unable to assess whether these are plausible claims given the form of the complaint, which fails to set forth a short and plain statement of the grounds for federal jurisdiction or a short and plain statement of Ms. Razavi's claim. Nor has Ms. Razavi established diversity jurisdiction. Ms. Razavi has not alleged the citizenship of any party, but given her California address and the fact that she is suing various public entities located in California, it appears unlikely that Ms. Razavi is of diverse citizenship from each defendant. Thus diversity of citizenship jurisdiction does not appear to exist, despite Ms. Razavi's allegation that she seeks damages in excess of $75,000. *See* Dkt. 1 at 5.

Accordingly, in addition to failing to comply with form requirements, Ms. Razavi's letter complaint fails to establish that the Court has subject matter jurisdiction over this case. "If jurisdiction is lacking at the outset, the district court has no power to do anything with the case except dismiss." *Orff v. United States*, 358 F.3d 1137, 1149 (9th Cir. 2004) (internal quotation marks and citations omitted).

## II. APPLICATION TO PROCEED IN FORMA PAUPERIS

A district court may authorize the commencement of a civil action in forma pauperis if the plaintiff files an application establishing that she is unable to pay the filing fees necessary to pursue the action. 28 U.S.C. § 1915(a). Ms. Razavi has submitted the required documentation, which demonstrates that her listed assets and income are insufficient to enable her to pay the filing fees. Dkt. No. 2. Accordingly, if Ms. Razavi submits an amended complaint that corrects the defects with her letter complaint that are identified above, this Court RECOMMENDS that the District Judge GRANT Ms. Razavi's application to proceed in forma pauperis.

## III. CONCLUSION

This case will be reassigned to a District Judge because Ms. Razavi has declined to proceed before a magistrate judge. Dkt. No. 5. The undersigned RECOMMENDS that the District Judge DISMISS the case for failure to comply with the form requirements of the Federal Rules of Civil Procedure and for lack of federal subject matter jurisdiction, with leave to amend the

3

1 complaint by May 31, 2017. If Ms. Razavi files an amended complaint that corrects the defects
2 identified in this order, the undersigned RECOMMENDS that the District Judge GRANT the
3 application for leave to proceed in forma pauperis.

Any party may object to this recommendation, but must do so within fourteen days of being served. Fed. R. Civ. P. 72(b). A failure to file a timely objection will waive any opposition to the recommendation.

Finally, the Court informs Ms. Razavi that the Federal Pro Se Program at the San Jose Courthouse provides free information and limited-scope legal advice to pro se litigants in federal civil cases. The Federal Pro Se Program is available by appointment and on a drop-in basis. The Federal Pro Se Program is available at Room 2070 in the San Jose United States Courthouse (Monday to Thursday 1:00 – 4:00 pm, on Friday by appointment only), and The Law Foundation of Silicon Valley, 152 N. 3rd Street, 3rd Floor, San Jose, CA (Monday to Thursday 9:00 am – 12:00 pm, on Friday by appointment only), or by calling (408) 297-1480. In addition, the Court offers a pro se handbook free of charge; a copy may be downloaded from http://cand.uscourts.gov/prosehandbook or obtained from the Clerk's office.

**SO ORDERED.**

Dated: April 18, 2017

SUSAN VAN KEULEN
United States Magistrate Judge