United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MELINA RAZAVI,<br>Plaintiff,<br>v.<br>SAN JOSE POLICE, et al.,<br>Defendants. | Case No. 5:17-cv-02088-EJD<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION IN PART; DISMISSING CASE**<br>Re: Dkt. No. 6 |

### I. INTRODUCTION

Plaintiff Melina Razavi ("Plaintiff") filed a letter on April 13, 2017, in which she alleges the San Jose Police Department, the San Jose Fire Department, and an unidentified ambulance company have conspired against her because of "flaggings" of her name with "hostile lies and accusations in their systems." Dkt. No. 1. She further alleges they have "refuse[d] to prosecute criminals who have extensively injured and damaged" her.

Plaintiff also filed an application to proceed in forma pauperis ("IFP"). Dkt. No. 2. Magistrate Judge Susan van Keulen, to whom the case was previously assigned undertook a review of Plaintiff's letter pursuant to 28 U.S.C. § 1915(e), concluded the document failed to establish federal subject matter jurisdiction or comply with the pleading rules, and recommended the court dismiss the letter with leave to amend so that Plaintiff may resolve the deficiencies. Dkt. No. 6.

This case was reassigned to the undersigned on April 19, 2017. Dkt. No. 7. Having reviewed Judge van Keulen's recommendation in conjunction with Plaintiff's filings, the court agrees that the letter inadequately establishes federal jurisdiction but does not agree that the

1

Case No.: 5:17-cv-02088-EJD
ORDER ADOPTING REPORT AND RECOMMENDATION IN PART; DISMISSING CASE

1  deficiency can be remedied through amendment. As such, Judge van Keulen's recommendation
2  will be adopted in part; the Complaint will be dismissed without prejudice for lack of subject
3  matter jurisdiction and without leave to amend.

## II. LEGAL STANDARD

"Federal courts are courts of limited jurisdiction." Kokkonen v. Guardian Life Ins. Co of Am., 511 U.S. 375, 377 (1994). They "have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press." Henderson v. Shinseki, 562 U.S. 428, 434 (2011); accord Snell v. Cleveland, Inc., 316 F.3d 822, 826 (9th Cir. 2002) ("[A] court may raise the question of subject matter jurisdiction, sua sponte, at any time during the pendency of the action, even on appeal.").

"[S]ubject-matter jurisdiction refers to the courts' statutory or constitutional power to adjudicate the case." Pistor v. Garcia, 791 F.3d 1104, 1110-11 (9th Cir. 2015) (internal quotations omitted). It "must exist as of the time the action is commenced." Morongo Band of Mission Indians v. Cal. State Bd. of Equalization, 858 F.2d 1376, 1380 (9th Cir. 1988). And it must be "affirmatively and distinctly" established by a plaintiff in his or her pleading; otherwise, "the court, on having the defect called to its attention or on discovering the same, must dismiss the case, unless the defect be corrected by amendment." Smith v. McCullough, 270 U.S. 456, 459 (1926).

## III. DISCUSSION

In the Report and Recommendation, Judge van Keulen observed that Plaintiff failed to establish a viable basis for federal subject matter jurisdiction. This court concurs. The letter lacks the "short and plain" jurisdictional statement required by Federal Rule of Civil Procedure 8(a)(1), leaving unspecified which type of jurisdiction statute is invoked. To the extent Plaintiff intended to rely on 28 U.S.C. 1332, there are no allegations establishing diversity jurisdiction and, in any event, such allegations are improbable given the location of Plaintiff and the public entities she has named as defendants. See Kuntz v. Lamar Corp., 385 F.3d 1177, 1181 (9th Cir. 2004) (holding

2

Case No.: 5:17-cv-02088-EJD
ORDER ADOPTING REPORT AND RECOMMENDATION IN PART; DISMISSING CASE

"there must be complete diversity of citizenship between the parties opposed in interest" for jurisdiction to arise under 28 U.S.C. § 1332).

Nor does the letter disclose a basis for jurisdiction under 28 U.S.C. § 1331. For federal question jurisdiction, the court looks to the face of a "well-pleaded complaint" to determine whether a cause of action is created by federal law or whether the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law. Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 808 (1988) (citing Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 27-28 (1983)). "In order for a complaint to state a claim 'arising under' federal law, it must be clear from the face of the plaintiff's well-pleaded complaint that there is a federal question." Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996). Factual allegations, and not labels, are determinative of whether a cause of action actually presents a federal question. See Labram v. Havel, 43 F.3d 918, 920 (4th Cir. 1995).

Here, Plaintiff makes only bare references to federal authorities and merely concludes that defendants are "guilty of violating the 42 USC 1983 and 42 USC 1985 laws," "violating the 1st amendment of the constitution," and "violations of the ADA disability laws." None of the factual allegations, however, make out colorable claim under any of these authorities. See West v. Atkins, 487 U.S. 42, 48 (1988) (providing the elements of a § 1983 claim); see also Gillespie v. Civiletti, 629 F.2d 637, 641 (9th Cir. 1980) (listing the elements of a § 1985 claim); see also McGary v. City of Portland, 386 F.3d 1259, 1265 (9th Cir. 2004) (providing elements of a claim under Title II of the ADA); see also Ariz. ex rel. Goddard v. Harkins Amusement Enters., 603 F.3d 666, 670 (9th Cir. 2010) (providing elements of a claim under Title III of the ADA). The mere citation to federal law, without some meaningful connection to the facts alleged, does not satisfy Plaintiff's burden to affirmatively show federal question jurisdiction. See Bell v. Hood, 327 U.S. 678, 682 (1946) (holding a "suit may sometimes be dismissed for want of jurisdiction where the alleged claim under the Constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous."). This court therefore finds, like Judge van Keulen did, that

3

Case No.: 5:17-cv-02088-EJD
ORDER ADOPTING REPORT AND RECOMMENDATION IN PART; DISMISSING CASE

Plaintiff's letter must be dismissed for lack of subject matter jurisdiction.

The question remains whether such dismissal should be with or without leave to amend. Normally, "subject-matter jurisdiction 'depends on the state of things at the time of the action brought.'" Rockwell Int'l Corp. v. United States, 549 U.S. 457, 473 (2007). This means that "[i]n determining federal court jurisdiction, [the court] look[s] to the original, rather than to the amended, complaint." Morongo Band, 858 F.2d at 1380. "[A] district court is powerless to grant leave to amend when it lacks jurisdiction over the original complaint." Id. at 1381 n. 2. But "[w]hen the district court has jurisdiction over the action at the outset but the complaint inadequately alleges jurisdiction, the court may grant leave to amend the defective allegations." Id. at 1381 n. 3.

For this case, two facts are uniquely relevant to a consideration of leave to amend. First, the court observes that Plaintiff, despite being notified of the jurisdictional deficiencies through Judge van Keulen's recommendation, did not clarify the issue in the objection she filed on May 2, 2017. Dkt. No. 8. She simply states that her letter "contained Federal laws and Federal jurisdiction was already established, and the case could be amended into legal format without recommendation for dismissal." What is missing from this statement is *how* and *in what way* Plaintiff could jurisdiction was "already established," or *how* and *in what way* Plaintiff could amend the letter to show that jurisdiction existed at the time she filed it. That is the critical information, but Plaintiff neglected to provide it.[1]

Second, Plaintiff is not an unsophisticated litigant despite her unrepresented status, particularly when it comes to federal jurisdiction. Inclusive of this action, Plaintiff has filed 10

---

[1] Plaintiff did, however, make a series of unsupported and incorrect statements in her objection. Judge van Keulen did not "violate the law," conspire against Plaintiff, or take "revenge" against Plaintiff by issuing a report and recommendation after Plaintiff filed a declination to proceed before a magistrate judge. Under 28 U.S.C. § 636(b)(1)(B), a magistrate judge is empowered to submit a proposed findings and disposition to a district judge, who may then "accept, reject, or modify" it after considering objections. That is exactly the process that occurred here, and there is absolutely nothing in the record to suggest otherwise.

4
Case No.: 5:17-cv-02088-EJD
ORDER ADOPTING REPORT AND RECOMMENDATION IN PART; DISMISSING CASE

federal lawsuits since 2015.[2] Three of those lawsuits were dismissed for lack of subject matter jurisdiction after the relevant standard was explained to Plaintiff. See Case Nos. 5:16-cv-04119-EJD; 5:16-cv-04969-EJD; 5:16-cv-05140-EJD. Another proceeded after the court issued a similar jurisdictional explanation to Plaintiff. See Case No. 5:15-cv-02574-EJD. Notably, she has also been advised that any initiating pleading must clearly establish federal subject matter jurisdiction at the outset - not at some later time. See Case No. 5:16-cv-04119-EJD, Dkt. No. 10. At this point, Plaintiff is well-versed in the jurisdictional standard but continues to shirk her responsibility to satisfy it.

In light of these considerations, the court concludes that Plaintiff cannot demonstrate that federal jurisdiction existed at the time she filed the letter, even if she was permitted leave to amend. She had that opportunity, but declined to advantage herself of it. Accordingly, the court is powerless to proceed further, and this action will be dismissed without prejudice for lack of subject matter jurisdiction.

## IV. ORDER

The Report and Recommendation filed on April 18, 2017, is ADOPTED IN PART, as follows:

Plaintiff's application to proceed in forma pauperis (Dkt. No. 2) is GRANTED. This action is DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction. All other matters are TERMINATED.

The Clerk shall close this file.

**IT IS SO ORDERED.**

Dated: May 16, 2017

EDWARD J. DAVILA
United States District Judge

---

[2] The cases are: 4:15-cv-04353-KAW; 5:15-cv-02574-EJD; 5:15-cv-04740-NC; 5:16-cv-01388-BLF; 5:16-cv-04119-EJD; 5:16-cv-04969-EJD; 5:16-cv-05140-EJD; 5:16-cv-07000-EJD; 3:17-cv-00717-LB; and this one, 5:17-cv-02088-EJD.